**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-4710**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JONATHAN EDWARD BURGESS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:20-cr-00014-GMG-RWT-1)

———————————

Submitted:  March 31, 2023                        Decided:  August 23, 2023

———————————

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————————

**ON BRIEF:** Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kimberley D. Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Edward Burgess pled guilty, pursuant to a written plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced Burgess at the bottom of the advisory Sentencing Guidelines range to 70 months' imprisonment and 25 years of supervised release. On appeal, Burgess' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal that are not precluded by the appeal waiver in Burgess' plea agreement, but questioning whether the district court erred in denying Burgess a downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2018), and in failing to adequately address all of Burgess' nonfrivolous mitigation arguments. The Government moves to dismiss the appeal pursuant to the appeal waiver in Burgess' plea agreement.

Burgess has filed a pro se brief challenging the constitutionality of law enforcement's search of his home[1] and the offense statutes, the validity of his guilty plea and conviction, and the procedural and substantive reasonableness of his sentence. Burgess also raises claims of prosecutorial misconduct and judicial bias. We affirm in part and dismiss in part.

---

[1] Because a guilty plea "waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea," *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010), Burgess' claim challenging the constitutionality of law enforcement's search of his home is not properly before us.

2

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). We review the validity of an appeal waiver de novo. *Id*. "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Because Burgess did not move in the district court to withdraw his guilty plea or otherwise object to the plea hearing in the district court, the Rule 11 hearing is reviewed for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Under the plain error standard, we will correct an unpreserved error "only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walker*, 32 F.4th 377, 394-95 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 450 (2022).

Our review of the record leads us to conclude that Burgess entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Contrary to Burgess' contention on

3

appeal, there is no indication in the record that Burgess was coerced into pleading guilty. "In order for a guilty plea to be valid, the Constitution imposes the minimum requirement that the plea be the voluntary expression of the defendant's own choice." *Moussaoui*, 591 F.3d at 278 (cleaned up). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id*. (cleaned up). Based on the totality of the circumstances, including Burgess' sworn statements at the plea hearing and representation by counsel, Burgess has not rebutted the "presumption of truthfulness" accorded his "solemn declaration of guilt." *Id*. (internal quotation marks omitted). Discerning no plain error, we conclude that Burgess' guilty plea is valid.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we further conclude that Burgess knowingly and voluntarily waived his right to appeal his conviction and sentence, except for ineffective assistance of counsel or prosecutorial misconduct claims. Moreover, the sentencing issues *Anders* counsel and Burgess raise on appeal fall squarely within the scope of the waiver. The same is true for Burgess' claims challenging the validity of his conviction. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver.

With respect to Burgess' allegations of prosecutorial misconduct and judicial bias, our review of the record reveals no evidence of such impropriety.[2] *See, e.g.*, *United States*

---

[2] We assume without deciding that Burgess' claim of judicial bias resulting in constitutional error is not foreclosed by the appeal waiver included as part of the written plea agreement.

4

*v. Benson*, 957 F.3d 218, 234 (4th Cir. 2020) (noting that, to prevail on prosecutorial misconduct claim, defendant must show "(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights" (internal quotation marks omitted)); *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) ("In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made 'fair judgment impossible.'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Burgess' valid appeal waiver. We therefore grant the Government's motion to dismiss the appeal as to all issues within the scope of the waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Burgess, in writing, of the right to petition the Supreme Court of the United States for further review. If Burgess requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Burgess.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5